**Ime Archibong ETUK, et al., Plaintiffs,**

v.

**William S. SLATTERY,
et al., Defendants.**

**No. 89 CV 3265.**

United States District Court,
E.D. New York.

Oct. 14, 1992.

The Legal Aid Soc. (Kathleen A. Masters, Margaret H. McDowell, and Manuel D. Vargas, of counsel), New York City, for plaintiffs.

Andrew J. Maloney, U.S. Atty. (Scott Dunn, Sp. Asst. U.S. Atty., of counsel), Brooklyn, N.Y., for defendants.

## MEMORANDUM AND ORDER

NICKERSON, District Judge:

Plaintiff class, permanent resident aliens in the United States, brought this action seeking declaratory and injunctive relief alleging defendants, officials of the Immigration and Naturalization Service (INS), violated their rights under federal law and the United States Constitution by withholding permanent resident alien cards, Form I–151 or I–551, ("green cards" in the vernacular) or adequate replacements for the cards.

A legal permanent resident must at all times carry a "certificate of alien registration or alien registration receipt card." 8 U.S.C. § 1304(e). The green card also serves as proof of both employment authorization and eligibility for government benefits such as food stamps and Medicaid.

Legal permanent residents needing a replacement green card must file an I–90 application form. INS then issues a receipt, or call-in notice, scheduling an ap-

pointment. The applicant then receives a temporary card and sometime later INS issues a permanent replacement.

In a previous published memorandum and order in this case, this court held that INS must issue a temporary substitute that complies with the requirements of 8 U.S.C. § 1324a(b)(1)(B)(v) and contains no information casting doubt on the bearer's status as a lawful permanent resident. *Etuk v. Blackman*, 748 F.Supp. 990 (E.D.N.Y. 1990), *aff'd in part, vacated and remanded in part sub nom. Etuk v. Slattery*, 936 F.2d 1433 (2d Cir.1991), *on remand* No. 89 CV 3265 (E.D.N.Y. December 16, 1991), *rev'd after remand* 973 F.2d 60 (2d Cir. 1992) (temporary I–551 created by using Arrival Record is valid temporary proof of legal permanent resident status and employment authorization).

In an order dated November 28, 1990 the court ordered defendants to provide the temporary proof of status within 21 days and a receipt on the day of application. Motions to modify the order were denied in an opinion dated April 30, 1992.

Having resolved the requirements and timetable for temporary proof of status, this court reserved judgment on the adequacy of the receipt issued by INS.

The receipt at issue must appear adequate proof of status for the period up to 21 days before INS provides the temporary substitute green card. The receipt serves an important function in that employers may accept a receipt in lieu of a document showing work authorization, provided the employee produces the required document within 90 days. 8 C.F.R. § 274a.2(b)(1)(vi).

Employers incur liability should they knowingly hire an alien unauthorized to work. 8 U.S.C. § 1324a(a), (e), (f). Liability has been imposed based on constructive knowledge, that is, what a reasonable and prudent employer should know. *See Etuk v. Blackman* 748 F.Supp. 990, 999 (E.D.N.Y.1990).

Because employers have a duty to inspect employment authorization documents and "ensure that the documents presented appear to be genuine," the receipt at issue must appear genuine on its face to a reasonable and prudent employer. 8 C.F.R. § 274a.2(b)(1)(ii)(A). Otherwise the employer is not justified in relying on the form when hiring an alien.

Plaintiffs submitted a copy of form G–56 as an example of the receipt issued by INS. Defendants submit a more detailed form that they claim they employ as a receipt. Because the G–56 form is clearly inadequate, this court will consider the adequacy of the more substantial form presented by INS.

The form directs the applicant to appear at the INS office and identifies the reason as "Replacement of Alien Registration Card." Defendants state that the INS officer issuing the form stamps it with the officer's identification number.

Nowhere is the form identified as a receipt for either money or documents. Although there is a blank for the date of the scheduled INS appointment, there is no space for INS to fill in the date the application is filed. The form does not indicate the applicant's status or authorization to work.

An employer willing to accept a receipt in lieu of legally required documents would reasonably expect a receipt to be labeled as such. Defendants argue the form is adequate because it demonstrates that the applicant is seeking to secure a document and has received a form from INS. Defendants say that therefore it constitutes a "receipt" under the regulations.

Webster's defines a receipt as "a writing acknowledging the taking or receiving of goods or money." Webster's Third New International Dictionary 1894 (1986). The INS form does not indicate that anything has been received by INS. Defendants ask that employers stretch the definition of receipt beyond its ordinary meaning, yet employers know they face liability if enforcement officials do not share their creative interpretation of the term.

Because the statute authorizes employers to accept only a "receipt for the application of the replacement document" or the actual document, 8 C.F.R. § 274a.2(b)(1)(vi), the burden should be on INS to issue a

form clearly labeled as a receipt to applicants for replacement green cards. No doubt there are administrative burdens on an agency such as INS. But it is properly the agency's task to ensure that its forms and procedures conform to the statutory scheme it administers.

Minor changes in the INS form would enable it to serve the purpose intended. The form should be prominently labeled as a receipt within the meaning of 8 C.F.R. § 274a.2(b)(1)(vi) for an application of the replacement alien registration card and contain the date issued.

INS is directed to provide a receipt to applicants for replacement alien registration cards on the day their application is filed consistent with this opinion.

So ordered.